UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RACHEL WEINGEIST, individually and on behalf of all other persons similarly situated who were employed by TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC.,

                  Plaintiffs,

- against -

TROPIX MEDIA & ENTERTAINMENT, TROPIX HOLDINGS LLC, TROPIX, INC., MARIO BAEZA, TAYMI CESPEDES, JAVIER RODRIGUEZ, and TANIA MILAN,

                  Defendants.
------------------------------------------------------------------X

**FIRST AMENDED VERIFIED COMPLAINT**

Docket No.: 1:20-cv-00275

COLLECTIVE ACTION

JURY TRIAL DEMANDED

Plaintiff Rachel Weingeist, ("Plaintiff"), on behalf of herself and on behalf of all others similarly situated, by and through her attorneys, Marzec Law Firm P.C., as and for her complaint against the Defendants, TROPIX MEDIA & ENTERTAINMENT, TROPIX HOLDINGS LLC and TROPIX INC. ("Corporate Defendants"), MARIO BAEZA, TAYMI CESPEDES, JAVIER RODRIGUEZ, and TANIA MILAN ("Individual Defendants" and collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiff, on behalf of herself and others similarly situated brings this action to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the U.S. Department of Labor and codified under 29 C.F.R. § 552 *et seq.* ("FLSA"), New York Labor Law Articles 6 and 19 and various wage orders

1

promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R.§ 137-144 ("NYLL"), and the New York State common law.

2. Additionally, this action seeks damages, liquidated damages, and punitive damages arising out of breach of contract and unjust enrichment by certain or all Defendants and against the Individual Defendants for intentionally inducing the Corporate Defendants into violating the employee contract between the Corporate Defendants and the Plaintiff and others similarly situated of wages they rightfully earned working for the Corporate Defendants.

3. Moreover, this action seeks a reimbursement of no less than $10,409.55 in unreimbursed employee costs.

4. Plaintiff and others similarly situated employees were employed by the Corporate Defendants but were not compensated in full.

## PARTIES

5. Plaintiff, RACHEL WEINGEIST, is a citizen of New York with an address of 56 Beaver Street, Apt. 402, New York, New York 10004. She was employed by the corporate Defendants from approximately February 1, 2019 through to December 1, 2019, with Plaintiff's salary being due and payable on a monthly basis and on the first day of the month.

6. At all times relevant herein, the Corporate Defendants were at all times, corporations, unincorporated partnerships and other business entities with the address of 41 Union Square West, #823/824, New York, New York 10003.

7. The Individual Defendants were the employees of the Corporate Defendants and served in the following capacities:

    a. MARIO L. BAEZA at all relevant times was and is the Chief Executive Officer of the Corporate Defendants and ultimately charged with payment of wages to Plaintiff and others similarly situated;

  b. TAYMI CESPEDES at all relevant times was and is the Chief Financial Officer of the Corporate Defendants and was charged with payment of wages to Plaintiff and others similarly situated;

  c. JAVIER RODRIGUEZ at all relevant times was and is the Budget Manager for the Corporate Defendants and was charged with payment of wages to Plaintiff and others similarly situated; and

  d. TANIA MILAN at all relevant times was and is an employee of the Corporate Defendants charged with payment to wages to Plaintiff and others similarly situated.

8. The Individual Defendants maintain an address of c/o TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC., 41 Union Square West, #823/824, New York, New York 10003.

9. Individual Defendant MARIO L. BAEZA also maintains an address in Bergen County in the State of New Jersey at 200 Old Palisade Road, Fort Lee, New Jersey 07024.

10. The Individual Defendants were officers, managers or directors of the Corporate Defendants responsible for supervising Plaintiff and others similarly situated and hiring and firing employees and are individually responsible for unpaid wages under Federal and New York Law and otherwise.

11. Individual Defendants are charged with payment of wages to Plaintiff and other similarly situated as a matter of law.

## JURISDICTION AND VENUE

12. The Court has personal jurisdiction over Corporate Defendants in that Corporate Defendants are domiciled in the State of New York, are authorized to do business in the State of

New York, and regularly conduct business in New York. The said Defendants maintain an office in New York and conduct their activities from New York State and within this District.

13. The Court has personal jurisdiction over the Individual Defendants in that they are residents of New York (except for Mario L. Baeza who lives in New Jersey) and regularly conduct business in New York, maintain an office in New York and conduct their activities from New York State and within this District.

14. Defendants regularly transact a substantial amount of business and have substantial contacts in New York.

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this action arises under 29 U.S.C. § 207 (FLSA); 28 U.S.C. § 1337 (Regulation of Commerce).

16. This Court has jurisdiction over Plaintiff's state law claims pursuant to U.S.C § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

17. The Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391(b) because substantial events or missions giving rise to Plaintiff's claims occurred in this District, and Defendants, except for the CEO, are residents of this District.

### JURY DEMAND

18. Plaintiff demands a trial by jury of all issues so triable in this action.

### FACTUAL BACKGROUND

19. Defendants TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC. represent themselves to be a "multimedia company dedicated to digitalize, preserve, create, develop, produce and distribute audiovisual content based on Cuban history and cultural heritage." Also adding: "Tropix preserves Cuban history and cultural heritage by digitizing and preserving audio, video and film. It produces content for television, radio, cinema

4

and web markets with the objective of generating proprietary audiovisual content. Sponsors, develops and/or co-produces important events and cultural or entertainment-related shows throughout Cuba."

20. Plaintiff's position was "Chief Business & Philanthropic Development Officer."

21. Corporate Defendants are employers subject to the FLSA as they engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce, in that Corporate Defendants employ workers who provide various services inside and outside of New York and have engaged in interstate and/or international commerce.

22. Plaintiff's pay was $12,500 per month.

23. Plaintiff, and others similarly situated, was entitled to be paid a proper wage for the work done.

24. Plaintiff was not paid the following wages due:

   i. November 1, 2019 wages in the sum of $12,500; and

   ii. December 1, 2019 wages in the sum of $12,500.

25. In addition, during the course of her employment, Plaintiff's wages were not paid on time, and on occasions were significantly delayed, causing Plaintiff to lose value of those wages, incur additional fees and be unable to meet her financial obligations. No interest or other damages were paid by the Defendants when the wages were paid late.

26. Upon information and belief, other similarly situated employees were, too, underpaid, and paid late.

27. This failure to pay was motivated to underpay Plaintiff and others similarly situated.

28. Defendants' failure to pay Plaintiff was pursuant to a policy by which they similarly failed to pay wages according to law to other employees similarly situated to Plaintiff.

29. Defendants failed to display legally required job site notices concerning state and labor laws.

30. Defendants failed to provide their employees, in writing in English and in the language identified by each employee as the primary language of the employee, a notice containing the rate or rates of pay and basis thereof, in contravention of NYLL § 195(1).

31. Plaintiff, an employee, was told that she had to create or use an existing company or other business entity to receive wage payments as Corporate Defendants were not set up to process payroll. Despite promises of the Corporate Defendants to set up payroll with ADP, Defendants failed at their duties to Plaintiff, and did not pay her wages as required by law, with all the appropriate payroll deductions, and withholding and payment of payroll taxes and benefits due.

32. Plaintiff also did not receive the various benefits she was entitled to as an employee such as health insurance that was part of the parties' employment contract. Plaintiff was unable to file for unemployment benefits when terminated by Defendants on December 1, 2019. Given this, Plaintiff lost significant pecuniary interests solely as result of Defendants' failure to comply with all state and federal laws and wage orders and regulations.

33. Upon information and belief, other similarly situated employees were treated the same way as Plaintiff.

**Defendants' Conduct Was And Is Willful And Ongoing**

34. Defendants as employers have certain statutory obligations towards employees, including to make, keep, and preserve proper payroll records.

35. Defendants were aware of their statutory requirements. Defendants knowingly failed to pay Plaintiff and others similarly situated all of the wages and benefits to which they were entitled, and to make, keep, and preserve proper payroll records.

36. As such, the various violations of the law which are alleged herein were committed knowingly, willfully, and intentionally by Defendants.

37. At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

38. Upon information and belief, these violations are ongoing, as Defendants continue to engage in the wrongful conduct described herein.

**Facts Relating To The Defendants As Employer**

39. At all relevant times herein, TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC. jointly operated the same business.

40. At all relevant times herein, the Individual Defendants conducted business as TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC.

41. At all relevant times herein, the Individual Defendants acted for and on behalf of Corporate Defendants, with the power and authority vested in them as owner, officer and agent of TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC., and acted in the course and scope of their duties and functions as agents and officers of TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC.

42. At all relevant times herein, the Individual Defendants directly managed, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and signing or issuing payment to Plaintiff -- or directing payroll through other agents -- and others similarly situated.

43. Individual Defendants had control over the conditions of employment of Plaintiff and others similarly situated, including their hiring and firing, their work schedules, the rates and methods of payments of their wages, and the maintenance of their employment records.

44. At all relevant times herein, Individual Defendants had operational control over TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC.

45. As a matter of economic reality, all Defendants are joint employers of Plaintiff and others similarly situated; and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for claims made herein.

**Facts Relating to the Piercing of the Corporate Veil of TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC.**

46. Upon information and belief, in conducting the affairs of TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC., Mario L. Baeza failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

47. Upon information and belief, Mario L. Baeza used the assets of TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC. as his own, and otherwise commingled personal assets with the assets of TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC.

48. As alleged herein, Mario L. Baeza used TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC. in order to circumvent a statute or statutes or accomplish other wrongful acts or in furtherance of other wrongful or inequitable purposes.

49. Upon information and belief, TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC. were used to commit employment violations against Plaintiff and others similarly situated.

50. TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC. are the alter-ego of Mario L. Baeza and, as will be established at trial, for the purpose of the claims made by Plaintiff and others similarly situated herein, TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC. have no separate legal existence from Mario L. Baeza. As such, TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC. and Mario L. Baeza individually and collectively, and jointly and severally, are liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff brings this action on behalf of herself and all others current and former employees of Defendants who did not receive the compensation required by the FLSA and the NYLL and New York common law with respect to their work for Defendants.

52. Upon information and belief, this class of persons consists of not less than 10 persons.

53. There are questions of law and fact common to the class, specifically whether the employment of Plaintiff and others similarly situated by Defendants is subject to the jurisdiction and the requirements of the FLSA and NYLL. Only the amount of individual damages sustained by each former or current employee will vary.

54. Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy to not pay Plaintiffs, and to significantly delay wage payments under the FLSA and NYLL.

55. Plaintiff brings the FLSA and NYLL claims for relief herein individually and on behalf of all others similarly situated as a collective action pursuant to the FLSA and NYLL and the common law, in respect to all claims that Plaintiff, and all others similarly situated, have against Defendants as a result of Defendants' violation of the labor laws as complained herein.

9

## First Claim for Relief
## Breach of Contract

56. Plaintiff repeats and re-alleges each and every previous allegation as if fully set forth herein.

57. Plaintiff and others similarly situated entered into an oral contract with Defendants to supply work in furtherance of Defendants' business in exchange for wages.

58. Plaintiff and others similarly situated, satisfactorily supplied labor and otherwise complied with the terms of her employment agreement with Defendants and was therefore entitled to the wages she earned while working for Defendants.

59. Defendants failed or refused to pay Plaintiff and others similarly situated all of their wages to which she was entitled under her employment agreement.

60. Defendants' failure or refusal to pay Plaintiff and others similarly situated all of the wages to which she was entitled under her employment agreement constituted a breach of such employment agreement.

61. Moreover, Plaintiff entered into a binding contract with the Defendants where the Corporate Defendants were to pay all expenses of Plaintiff incurred during her employment with Defendants. Defendants refused to pay and reimburse $10,409.55 in expenses incurred by Plaintiff, thus breaching the parties' agreement. As result of this, Plaintiff suffered damages.

62. By virtue of the foregoing breach of contract by Defendants, Plaintiff and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiff should have been paid as contemplated by her employment agreement, less amounts she actually was paid, together with interests, costs, disbursements, and attorneys' fees.

### Second Claim for Relief – Unpaid Wages and Overtime
### New York Minimum Wage Act NYLL § 650 *et seq.*

63. Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

64. At all times relevant to this action, Plaintiff, and all others similarly situated, were employed by Defendants, within the meaning of the New York Labor Law ("NYLL"), §§ 2 and 651 and the regulation thereunder including 12 NYCRR § 142.

65. Pursuant to the NYLL, Plaintiff, and all others similarly situated, were entitled to payment of wages which Defendants intentionally failed to pay in violation of such laws.

66. Defendants failed to apprise Plaintiff, and all others similarly situated, of their rights under New York Labor Law.

67. Defendants failed to furnish Plaintiff, and all others similarly situated, with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

68. Defendants failed to establish, maintain, and preserve for not less than six years, payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4) and New York State Department of Labor Regulation § 142-2.6.

69. Pursuant to these labor law violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants unpaid wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1).

70. Plaintiff, and all others similarly situated, is also entitled to recover liquidated damages and civil penalties for an amount equal to one hundred percent of the total of such underpayments found to be due.

71. Due to Defendants' New York Labor Law violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants, unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 663(1).

72. Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

### Third Claim for Relief – Unpaid Wages and Overtime
### Fair Labor Standards Act – 29 U.S.C. 201 *et seq.*

73. Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

74. Plaintiff, and all others similarly situated, was, for all times relevant to this Complaint, employed by Defendants.

75. At all times relevant herein, Defendants were engaged in commerce and/or in professional services for commerce and/or Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207 (a).

76. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff and all others similarly situated wages due in violation of 29 U.S.C. § 207.

77. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, and all others similarly situated, minimum wages.

78. At all times relevant to this Complaint, Defendants had a policy of willfully failing to make proper wage payments.

79. As a result of Defendants' failure to compensate Plaintiff, and all others similarly situated, Defendants have violated and continue to violate FLSA 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

80. Defendants failed to make, keep and preserve records with respect to Plaintiff and all others similarly situated, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 211(c) and § 255(a).

81. Defendants conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

82. As result of the Defendants' failure to properly credit, record, report and/or compensate Plaintiff, and all others similarly situated, Defendants have failed to make, keep and preserve records with respect to each of its employees, including Plaintiff, and all others similarly situated, sufficient to determine the wages, and other conditions and practices of employment in violation of the FLSA 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

83. Defendants have failed to properly disclose or apprise Plaintiff, and all others similarly situated, of her rights under the FLSA.

84. As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiff, and all others similarly situated, is entitled to liquidated damages pursuant to the FLSA.

85. Plaintiff, and all others similarly situated, is entitled to an award of reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

86. Plaintiff, and all others similarly situated, seeks a judgment for unpaid wages, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided by the FLSA.

87. Due to Defendants' FLSA violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants her unpaid compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

88. Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

### Fourth Claim for Relief
### Quantum Meruit

89. Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

90. Plaintiff, and all others similarly situated, performed work and services for Defendants.

91. Plaintiff, and all others similarly situated, had a reasonable expectation of payment for the hours Plaintiff worked for the Defendants.

92. Defendants failed to remunerate Plaintiff for her work, including for the November 1, 2019 payment, and the December 1, 2019 payment of wages, as well as the unreimbursed expenses in the sum of $10,409.55.

93. Plaintiff, and all others similarly situated, is entitled to be paid for a reasonable value for her services, less the amounts paid to her, together with an award of interest, costs, disbursements and attorneys' fees.

94. Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

### Fifth Claim for Relief
### Declaratory Judgment

95. Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

96. Plaintiff demands a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.*, NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 *et seq.*

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

(1) As to the First Claim for Relief, award Plaintiff damages arising out of the breach of contract;

(2) As to the Second Claim for Relief, award Plaintiff her unpaid overtime wages due under the New York Minimum Wage Act and the Regulation thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

(3) As to the Second Claim for Relief, award Plaintiff any and all outstanding (additional) wages, including overtime wages plus prejudgment interest, costs, disbursements and attorneys' fees pursuant to pursuant to NYLL § 198;

(4) As to the Second Claim for Relief, award Plaintiff damages arising out of violation of NYLL;

(5) As to the Third Claim for Relief, award Plaintiff her unpaid wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

(6) As to the Fourth Claim for Relief, award Plaintiff the quantum meruit value of her labor;

(7) As to the Fifth Claim for Relief, a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.*, NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 *et seq.*;

(8) Award Plaintiff any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

(9) If liquidated damages pursuant to FLSA 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

(10) Award prejudgment interest pursuant to New York Civil Practice Law and Rules §§ 5001-02;

(11) Award post judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law And Rules § 5003;

(12) Award attorneys' fees, costs and further expenses of this action pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1)-(2) and 663(1);

(13) Award Plaintiff all other relief requested in this Complaint;

(14) Award Plaintiff other, further and different relies as the Court deems just and proper; and

(15) An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: January 16, 2020
      Brooklyn, New York

Respectfully submitted,

**MARZEC LAW FIRM, PC**

By:   /s/ *Darius A. Marzec*
      Darius A. Marzec, Esq.
      Attorney for Plaintiff
      *Rachel Weingeist*
      *AND COLLECTIVELY FOR ALL*
      *OTHER FORMER AND CURRENT*
      *EMPLOYEES*
      776A Manhattan Avenue, Suite 104
      Brooklyn, New York 11222
      (718) 609-0303
      dmarzec@marzeclaw.com

## VERIFICATION

I, Jerome Noll, an attorney admitted to the practice of law before the courts of the State of New York and the United States District Court for the Southern District of New York and not a party to this action, affirm the following to be true under the penalties of perjury and on information and belief: I am the attorney for Plaintiff RACHEL WEINGEIST. I have read the foregoing First Amended Complaint and know the contents thereof; that the same are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true. This Verification is made by me instead of Plaintiff because Plaintiff is not within the county where my firm maintains its office.

Dated: January 16, 2020
      Brooklyn, New York

MARZEC LAW FIRM, P.C.

_____
Jerome Noll, Esq.
Bar#: 2655603