UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RACHEL WEINGEIST, individually and on behalf of all
other persons similarly situated who were employed
by TROPIX MEDIA & ENTERTAINMENT and
TROPIX HOLDINGS LLC and TROPIX INC.,

         Plaintiff,

-against-

TROPIX MEDIA & ENTERTAINMENT,
TROPIX HOLDINGS LLC, TROPIX, INC.,
MARIO BAEZA, TAYMI CESPEDES,
JAVIER RODRIGUEZ, and TANIA MILAN,

         Defendants.
------------------------------------------------------------------X

Case No.: 1:20-cv-00275 (ER) (SLC)

**ORDER TO SHOW CAUSE**
**FOR JUDGMENT BY DEFAULT**

UPON the Affidavit of RACHEL WEINGEIST ("Plaintiff"), sworn to on April 21, 2020, the Affidavit of Jerome Noll, Esq., affirmed to on April 21, 2020, and upon the copy of the Complaint, dated January 16, 2020, a copy of the First Amended Complaint, dated January 24, 2020, a copy of the affidavits of service of the Summons and First Amended Complaint, dated February 24, 2020, a copy of the Clerk's Certificate of Default as to each defendant in the above captioned action, dated March 26, 2020, and all other filings and pleadings,

**ORDERED,** that the Defendants, TROPIX MEDIA & ENTERTAINMENT, TROPIX HOLDINGS LLC, TROPIX, INC., MARIO BAEZA, TAYMI CESPEDES, JAVIER RODRIGUEZ, and TANIA MILAN ("Defendants"), or their counsel, show cause before the Honorable Edgardo Ramos, United States District Court Judge for the Southern District of New York, **via teleconference (Number: 877-411-9748; Access: 302 9857)** on the __5th__ day of __June__, 2020, at __11:15__ A.M. or as soon thereafter as counsel can be heard, why an Order should not be issued pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York and Rule 54 of the Federal Rules of Civil Procedure, for the entry of a judgment by default against all Defendants, jointly and severally, in amounts of: (a) $25,000.00 as and for unpaid wages for the months of November 2019 ($12,500.00) and

1

December 2019 ($12,500.00); (b) statutory liquidated damages under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the U.S. Department of Labor and codified under 29 C.F.R. § 552 *et seq.* ("FLSA") in the amount of $25,000.00; (c) statutory damages in the amount of $5,000.00 for failure to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages in contravention of New York Labor Law §195(3) and New York State Department of Labor Regulations § 142-2.7; (d) statutory damages in the amount of $5,000.00 for failure to apprise Plaintiff of her rights under New York Labor Law and failure to establish, maintain and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions and net wages in contravention of New York Labor Law § 194(4) and New York State Department of Labor Regulation § 142-2.6; and (e) reimbursement of $10,409.55 in unreimbursed employee costs incurred by Plaintiff on behalf of Defendants, plus interest at the rate of 9% on the unreimbursed expenses from December 1, 2019 to April 21, 2020 in the amount of $366.20 (daily rate of interest being $2.57), for a total as of April 21, 2020 of $70,775.75, plus taxable costs in the amount of $678.24 and attorneys' fees in the amount of $7,055.00, for a total judgment by default in the amount of **$78,508.99**; and it is further

**ORDERED,** that service via First Class mail, return receipt requested, postage paid, of a copy of this order and annexed affidavits with all supporting papers and exhibits upon Defendants on or before the 6th day of K_w , 2020 shall be deemed good and sufficient service thereof.

_____
Edgardo Ramos, U.S.D.J
Dated: Apr. 23, 2020
New York, New York

2