

Steven J. Cohen
*Partner*
212 909-9505 DIR TEL
212 909-9463 DIR FAX
cohen@wmllp.com

WWW.WMLLP.COM

One Dag Hammarskjold
885 SECOND AVENUE
NEW YORK NY 10017
MAIN TEL 212 909-9500
FACSIMILE 212 371-0320

September 30, 2022

**Via ECF and Email**
Hon. Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   Re: Rachel Weingeist ("Plaintiff") v. Tropix Media & Entertainment, et al.
      <u>Civil Action No.: 1:20-CV-00275-ER-SLC</u>

Dear Judge Ramos:

  This firm represents Third-Party Defendant Pickled Punk Sublease LLC ("Pickled Punk") in the above-referenced action. In accordance with your Honor's Individual Practices, this is a request for a pre-motion conference in connection with Picked Punk's proposed motion to dismiss the Third-Party Complaint ("TPC") of Tropix Media & Entertainment, Tropix Holdings LLC, Tropix Inc., and Mario Baeza (the "Third Party Plaintiffs") for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). On September 2, 2022, the Court granted the undersigned's letter motion extending Pickled Punk's time to respond to the Third-Party Complaint until September 30, 2022. Docs. 117-18. As provided for in your Honor's Individual Practices, my understanding is that the September 30, 2022 deadline will be stayed with a new deadline to be established after the requested conference.

  "Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id. (internal citation omitted). Here, Third Party Plaintiffs do not allege—nor could they—that the Third Party Complaint invokes federal question jurisdiction; all seven counts pleaded therein arise under state common law sounding in tort for the wrongful possession or retention of Tropix office furniture and equipment totaling an estimated $17,000, as alleged by Third Party Plaintiffs. Doc. 94, TPC ¶¶ 34, 46-80 (alleging (1) Unjust Enrichment; (2) Conversion; (3) Property Taken Without Authorization; (4) Negligently Caused Economic Loss; (5) Replevin; (6) Negligence; and (7) Conspiracy (the "Third Party Claims")). Rather, Third Party Plaintiffs assert that subject matter jurisdiction is proper "pursuant 28 U.S.C. § 1367 as the claims raised in this Counterclaim/Third Party Complaint are supplemental and related to the federal question raised in Plaintiff's initial complaint," or, in the alternative, pursuant to 28 U.S.C. § 1332, as "this dispute is between citizens of different states as certain Counterclaim Plaintiffs are residents of Delaware and New Jersey and Counterclaim Defendants/Third Party Defendants are citizens of New York." Doc. 94, TPC ¶ 7.

Hon. Edgardo Ramos
September 30, 2022
Page 2

*First*, no supplemental jurisdiction exists. Where a court has original jurisdiction over a federal claim, the court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A state law claim forms part of the same case or controversy if it and the federal claim "derive from a common nucleus of operative fact." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004). Courts have traditionally found a "common nucleus of operative fact" exists "where the facts underlying the federal and state claims substantially overlapped[,] or where presentation of the federal claim necessarily brought the facts underlying the state claim before the court[.]" *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000). Conversely, none exists "when the federal and state claims rested on essentially unrelated facts." *Id.* Here, no "common nucleus of operative fact" exists as there is no material overlap, related evidence or facts in common between Plaintiff's FLSA claim and the Third Party Claims about office equipment. The trial of the wage and employment claims in the Complaint will focus on the employment status and relationship of the primary parties, payment for work performed by Plaintiff, and the employment and record-keeping practices of Tropix. Trial of the Third Party Claims, by contrast, would focus on the ownership or right to possess the Tropix office equipment.

*Second*, Third Party Plaintiffs' alternative basis for subject matter jurisdiction based on diversity would also fail. Federal courts have subject matter jurisdiction over state law claims when all plaintiffs are diverse in citizenship to all defendants and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Contrary to Third Party Plaintiffs' assertions, no independent basis for diversity jurisdiction exists. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). Here, the Third Party Complaint—alleging conversion of office equipment totaling $17,000—fails on its face to establish an amount in controversy in excess of $75,000. Moreover, Third Party Plaintiffs conspicuously fail to allege facts demonstrating that the citizenship of each of the Third Party Plaintiffs is completely diverse from each of the Third Party Defendants. Their failure to do so invites dismissal of the Third Party Complaint. *See, e.g., 147-149 McCarren, LLC v. Holding De Gestion Turistica MIJ Spain S.L.*, No. 21-CV-950 (BMC), 2021 WL 878557, at *3 (E.D.N.Y. Mar. 9, 2021).

Pickled Punk is prepared to file its motion to dismiss based on the foregoing and related arguments as soon as the Court grants it permission.

Respectfully submitted,
/s/Steven J. Cohen
Steven J. Cohen

cc:   All Counsel of Record

{034441-016/00355282-5}