UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RACHEL WEINGEIST, on behalf of herself and others similarly situated who were employed by TROPIX MEDIA & ENTERTAINMENT and TROPIX HOLDINGS LLC and TROPIX INC.,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>TROPIX MEDIA & ENTERTAINMENT, TROPIX HOLDINGS LLC, TROPIX INC., MARIO BAEZA, TAYMI CESPEDES, JAVIER RODRIGUEZ, and TANIA MILAN,<br><br>    Defendants/Counterclaim Plaintiffs.<br><br>TROPIX MEDIA & ENTERTAINMENT, TROPIX HOLDINGS LLC, TROPIX INC., and MARIO BAEZA,<br><br>    Third Party Plaintiffs,<br><br>vs.<br><br>RACHEL WEINGEIST, PERERA & COMPANY LLC, and PICKLED PUNK SUBLEASE LLC,<br><br>    Third Party Defendants. | Case No. 20 Civ. 275 (ER)(SLC) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS THIRD PARTY COMPLAINT BY
<u>THIRD PARTY DEFENDANT PICKLED PUNK SUBLEASE LLC</u>**

Steven J. Cohen
Stella L. Sainty
WACHTEL MISSRY LLP
One Dag Hammarskjold Plaza
885 Second Avenue, 47th Floor
New York, New York 10017
(212) 909-9500

*Attorneys for Third Party Defendant
Pickled Punk Sublease LLC*

**Table of Contents**

Factual and Procedural Background ..................................................................................................1

    Plaintiff Commences this Action
    against Her Alleged Former Employer ..................................................................................1

    Third Party Plaintiffs Interpose Third Party Complaint
    against Pickled Punk ..............................................................................................................2

Argument ..........................................................................................................................................4

I.    The Third Party Complaint Against Pickled Punk
    Should Be Dismissed for Lack of Subject Matter Jurisdiction ...............................................4

        A.    Supplemental Jurisdiction Does Not Lie Over Unrelated, Non-Wage
               State Law Tort Claims Asserted in the Third Party Complaint ..............................5

        B.    The Third Party Complaint Does Meet the Amount In Controversy
               Threshold for Diversity Jurisdiction .......................................................................8

        C.    Third Party Plaintiffs' Citizenship Allegations Are Patently
               Deficient ................................................................................................................10

Conclusion .....................................................................................................................................14

Third Party Defendant Pickled Punk Sublease LLC ("Pickled Punk") respectfully submits this Memorandum of Law in Support of its motion to dismiss the third party complaint for lack of subject matter jurisdiction. Third Party Plaintiffs Tropix Media & Entertainment, Tropix Holdings LLC, Tropix Inc., and Mario Baeza's third party claims against Pickled Punk cannot be maintained on the basis of supplemental jurisdiction because they do not derive from a "common nucleus of operative fact" as Plaintiff's original wage and employment claims under federal law. Nor can the third party claims be maintained based on diversity, as the face of the Third Party Complaint neither alleges an amount in controversy in excess of $75,000, nor pleads sufficient citizenship allegations to invoke diversity as an independent jurisdictional basis. Accordingly, the Third Party Complaint against Pickled Punk should be dismissed in its entirety for lack of subject matter jurisdiction.

## Factual and Procedural Background

**Plaintiff Commences this Action against Her Alleged Former Employer**

Plaintiff Rachel Weingeist ("Plaintiff") commenced this action on January 10, 2020 against Tropix Media & Entertainment, Tropix Holdings LLC, and Tropix, Inc. (collectively "Tropix"), Mario Baeza ("Baeza"), and other individual defendants who have since been dismissed from this action. Doc. 88 (3/30/22 Opinion and Order) at 1-2.[1] All of Plaintiff's claims arise out of her alleged employment relationship with Tropix,[2] which Plaintiff extends to Baeza as the company's CEO and alleged alter ego. Doc. 16 (First Amended Verified Complaint [the "Complaint"]). The Complaint is styled as a putative class action, brought on behalf of Plaintiff and all others similarly

---

[1] On April 22, 2022, Taymí Cespedes, Javier Rodriguez, and Tania Milan were voluntarily dismissed from the action. Docs. 92, 93.

[2] While the parties dispute Plaintiff's exact title, start date, and employment status with Tropix, there appears to be no material dispute that Plaintiff was employed by or performed consulting work for Tropix, earning $12,500 per month from approximately February or March 2019 to December 2019. Doc. 88 at 2-3.

situated, and contains five claims for relief: (1) breach of employment contract; (2) unpaid wages, overtime, and violations of record-keeping requirements under New York Labor Law ("NYLL"); (3) unpaid wages, overtime, and violations of record-keeping requirements under the Federal Labor Standards Act ("FLSA"); (4) quantum meruit; and (5) declaratory judgment that the practices complained of by Plaintiff are unlawful under the FLSA and NYLL. *Id.*

**Third Party Plaintiffs Interpose Third Party Complaint against Pickled Punk**

On April 21, 2022, Tropix and Baeza ("Third Party Plaintiffs") answered the Complaint and interposed a seven-count Counterclaim and Third Party Complaint ("TPC") against Plaintiff, Perera & Company LLC, and Pickled Punk, collectively, as the "Counterclaim Defendants/Third Party Defendants." Doc. 94 (Answer and TPC). All seven counts seek recovery for alleged losses related to the "Tropix Assets," namely, "furniture, televisions, and computer equipment purchased by Tropix Media for the Union Square Office totaling an estimated $17,000.00[.]" *Id.*, TPC ¶ 34. Third Party Plaintiffs contend that "because of the Counterclaim Defendants'/Third Party Defendants' actions or inactions, Counterclaim/Third Party Plaintiffs have never been able to retrieve the Tropix Assets located with the Union Square Office." *Id.*, TPC ¶ 45. Thus, apparently based on Plaintiff, Perera & Company LLC, and Pickled Punk Sublease LLC's collective "actions or inactions," Third Party Plaintiffs proliferate seven state law counts for: (1) Unjust Enrichment; (2) Conversion; (3) Property Taken Without Authorization; (4) Negligently Caused Economic Loss; (5) Replevin; (6) Negligence; and (7) Conspiracy. *Id.*, TPC ¶¶ 46-80. Third Party Plaintiffs contend that subject matter jurisdiction is proper "pursuant 28 U.S.C. § 1367 as the claims raised in this Counterclaim/Third Party Complaint are supplemental and related to the federal question raised in Plaintiff's initial complaint." Doc. 94, TPC ¶ 7.

Third Party Plaintiffs allege that: (i) Tropix Inc. d/b/a Tropix Media & Entertainment is incorporated and maintains its principal place of business in Spain; (ii) Tropix Holdings LLC "is a Delaware corporation and can be served c/o Incorp. Services, Inc. 919 North Market Street, Suite 950, Wilmington, Delaware 19801" [3] and (ii) Baeza "maintains a residence at 200 Old Palisade Road, Fort Lee, New Jersey 07024."[4]  Doc. 94, TPC ¶¶ 1-3. Third Party Plaintiffs allege that Plaintiff is a citizen of New York with an address at 56 Beaver Street, Apt. 402, New York, New York 10004, and that Perera & Company LLC is a Delaware limited liability company authorized to conduct business in the state of New York, with a principal place of business located at 199 Second Avenue, New York, New York 10003. *Id.*, TPC ¶¶ 4-5. Finally, Third Party Plaintiffs allege that Pickled Punk Sublease LLC is a Delaware limited liability company authorized to conduct business in the state of New York and maintains its principal place of business located at 12-14 Desbrosses Street, New York, New York 10013. *Id.*, TPC ¶ 6.

On September 1, 2022, the undersigned attorneys appeared on behalf of Pickled Punk. Docs. 115-16. On September 2, 2022, the Court granted the undersigned's letter motion extending Pickled Punk's time to respond to the Third Party Complaint to September 30, 2022, and extending the deadline for service of initial discovery demands to October 14, 2022. Docs. 117-18. On September 30, 2022, the undersigned requested a pre-motion conference in connection with the instant motion to dismiss. Doc. 128. The pre-motion conference took place on October 18, 2022, during which, among other things, the Court granted Pickled Punk leave to file the instant motion and set a briefing schedule. Doc. 135.

---

[3] By contrast, Plaintiff alleges in the Complaint that Tropix Media & Entertainment, Tropix Holdings LLC, and Tropix Inc. all have an address of 41 Union Square West, New York New York 10003. Doc. 16, Compl. ¶ 6.

[4] Similarly, Plaintiff alleges that Baeza maintains an address at 200 Old Palisade Road, Fort Lee, NJ 07024. Doc. 16, Compl. ¶ 9.

3

**Argument**

**I.**

**THE THIRD PARTY COMPLAINT AGAINST PICKLED PUNK
SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

It is well-settled that federal courts are "courts of limited jurisdiction [and] [t]hey possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Congress has conferred on district courts subject matter jurisdiction in federal question cases under 28 U.S.C. § 1331, diversity of citizenship cases under 28 U.S.C. § 1332, and supplemental jurisdiction under 28 U.S.C. § 1367 where a court has original jurisdiction over some claim in the action. *Id.* "Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd* 561 U.S. 247 (2010) (internal citation omitted).

Here, Third Party Plaintiffs do not allege—nor could they—that the Third Party Complaint invokes federal question subject matter jurisdiction; all seven counts pleaded therein arise under state common law sounding in tort for the wrongful possession or retention of the Tropix Assets. Doc. 94, TPC ¶¶ 46-80 (alleging (1) Unjust Enrichment; (2) Conversion; (3) Property Taken Without Authorization; (4) Negligently Caused Economic Loss; (5) Replevin; (6) Negligence; and (7) Conspiracy (the "Third Party Claims")).

Rather, Third Party Plaintiffs assert that supplemental jurisdiction exists "pursuant 28 U.S.C. § 1367 as the claims raised in this Counterclaim/Third Party Complaint are supplemental and related to the federal question raised in Plaintiff's initial complaint," or, in the alternative, that diversity of citizenship jurisdiction exists pursuant to 28 U.S.C. § 1332, as "this dispute is between

4

citizens of different states as certain Counterclaim Plaintiffs are residents of Delaware and New Jersey and Counterclaim Defendants/Third Party Defendants are citizens of New York." Doc. 94, TPC ¶ 7. However, as more fully set forth below, no supplemental jurisdiction exists over the claims in the Third Party Complaint because they do not derive from a "common nucleus of operative fact" as Plaintiff's wage and employment claims under the FLSA, nor do Third Party Plaintiffs' allegations—that Third Party Defendants converted office equipment worth $17,000—demonstrate that the amount in controversy exceeds $75,000, as required for diversity jurisdiction.

A. **Supplemental Jurisdiction Does Not Lie Over Unrelated, Non-Wage State Law Tort Claims Asserted in the Third Party Complaint**

Where a court has original jurisdiction over a federal claim, the court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). state law claim forms part of the same case or controversy if it and the federal claim "derive from a common nucleus of operative fact." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004). Courts have traditionally found a "common nucleus of operative fact" exists "where the facts underlying the federal and state claims substantially overlapped[,] or where presentation of the federal claim necessarily brought the facts underlying the state claim before the court[.]" *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000). Conversely, supplemental jurisdiction does not exist where, as here, "the federal and state claims rest[] on essentially unrelated facts." *Id.* Here, there is no material overlap, related evidence, or facts in common upon which to base supplemental jurisdiction. Trial of Plaintiffs' federal wage and employment claims alleged in the Complaint would focus on the employment status and relationship of the primary parties, payment for work performed by Plaintiff, and the employment and record-keeping practices of Tropix. Trial

5

of the Third Party Claims for alleged conversion and other non-wage state law torts, by contrast, would focus on the ownership or right to possess certain office equipment designated as the "Tropix Assets" in the Third Party Complaint. None of the Third Party Claims concern the alleged employment relationship between the primary parties or other factual predicates of Plaintiff's FLSA wage and employment practice claims; rather, the Third Party Claims involve fundamentally "different rights, different interests, and different underlying facts" and, therefore, are not part of the same case or controversy. *Bu v. Benenson*, 181 F.Supp.2d 247, 254 (S.D.N.Y. 2001) (claims were not "part of the same case or controversy" where state law claims "involve[d] different rights, different interests, and different underlying facts" than the federal law claims); *Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc.*, No. 12-CV-2327, 2013 WL 5460196, at *6 (E.D.N.Y. Sept. 30, 2013) (*sua sponte* dismissing plaintiff's state law discrimination claims for lack of subject matter jurisdiction because they "involve[d] different rights, different interests, and different underlying facts from her [FLSA] wage claims"). *See also Lyndonville*, 211 F.3d at 705 (no "common nucleus of operative fact" where the common fact between the federal claim and the state law claims consisted of a bank loan, and the loan "was irrelevant to the federal claim").

Indeed, federal courts routinely dismiss unrelated state law counterclaims asserted by defendants in FLSA cases invoking original federal question jurisdiction for lack of supplemental jurisdiction over such claims. *See Anwar v. Stephens*, Civ. 15-4493(JS)(GRB), 2016 WL 4468090, at *4 (S.D.N.Y. Aug. 3, 2016) (dismissing counterclaims for breach of contract and unjust enrichment arising from alleged failure to repay defendants' loan to cover plaintiffs' expenses of rent and a mattress; counterclaims were unrelated to the facts underlying plaintiff's FLSA claims alleging that, during the time that plaintiff was employed at a 7-Eleven supervised by defendants, defendants failed to pay overtime and minimum wage, furnish proper wage statements, and

6

retaliated against plaintiff), *report and recommendation adopted* 2016 WL 4468239; *see also Perez v. South Florida Landscape Maintenance, Inc.*, No. 13-80620-CIV, 2014 WL 1327293774, at *3 (S.D. Fla. Jan. 23, 2014) (denying motion for leave to amend because court lacked supplemental jurisdiction over proposed counterclaims of breach of contract and conversion of defendant's lawn mower; evidence needed to prove counterclaims, including the existence of a contract relating to the sale of lawn mower, the value of the lawn mower, and demands for return of the lawn mower, will differ greatly from evidence and witness testimony—relating to hours worked, pay received, and defendant's employment practices—needed to prove FLSA violations at trial).

Nor does it suffice to merely allege that a factual nexus exists because some of the events underlying the Third Party Claims may have occurred during Plaintiff's alleged employment with Tropix. As this Court has recognized, courts in this District follow the general rule that "when the only possible 'common nucleus of operative fact' alleged between the claims is the existence of a common employment relationship, there is no supplemental jurisdiction." *Guerra v. Trece Corp.*, No. 18 CIV. 625 (ER), 2020 WL 7028955, at *6 (S.D.N.Y. Nov. 30, 2020) (citing *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008)). The mere fact that a counterclaim's events allegedly occurred during or in the course of an employment relationship parties does not establish supplemental jurisdiction, without evidence of some further factual connection between the claims. *Torres*, 628 F. Supp. 2d at 468 (no supplemental jurisdiction over defendant Gristede's counterclaims that two of the plaintiff-employees had allegedly engaged in sexual harassment and credit card fraud because none of the events alleged in the counterclaims were relevant to the plaintiffs' FLSA claims).

Thus, federal courts in this District consistently hold that supplemental jurisdiction does not lie over claims of discrimination or other tortious conduct allegedly arising in the context of

7

an employment relationship, but which otherwise involve different rights and interests or depend on different facts and evidence. *Dervisevic v. Wolfgang's Steakhouse, Inc.*, No. 19 Civ. 814 (VEC), 2019 WL 6251197, at *3 (S.D.N.Y. Nov. 22, 2019) (FLSA wage and hour action provided no supplemental jurisdiction over state law religious discrimination claims dealing with different facts than the wage and hour claims); *Hahn v. Rocky Mountain Express Corp.*, No. 11 Civ. 8512 (LTS) (GWG), 2012 WL 2930220, at *1 (S.D.N.Y. July 12, 2020) (FLSA overtime action provided no supplemental jurisdiction over age discrimination claim when employee's termination was not related to his overtime claim); *see also Rivera v. Ndola Pharmacy Corp.*, 497 F.Supp.2d 381, 395 (E.D.N.Y. 2007) (granting motion to dismiss for lack of subject matter jurisdiction because the FLSA claims provided no supplemental jurisdiction over state law claims of battery, intentional infliction of emotional distress, negligent retention and supervision of a supervisor, negligent infliction of emotional distress, and violations of New York Human Rights Law).

Accordingly, the Third Party Complaint should be dismissed for lack of supplemental jurisdiction over the Third Party Claims against Pickled Punk.[5]

**B.      The Third Party Complaint Does Meet the Amount In Controversy Threshold for Diversity Jurisdiction**

Federal courts have subject matter jurisdiction over state law claims when all plaintiffs are diverse in citizenship to all defendants and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank,*

---

[5] Even assuming, *arguendo*, that the Third Party Claims are within the Court's supplemental jurisdiction, the Court may decline to exercise supplemental jurisdiction over claims lacking an independent basis of federal jurisdiction where permitting such claims to be heard "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). While the Court need not reach this issue, as no basis for supplemental jurisdiction exists, the Third Party Claims would, in any event, overwhelm Plaintiff's claims over which the Court has original jurisdiction, and should be denied on this discretionary basis if reached.

*N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). Contrary to Third Party Plaintiffs' assertions, supplemental jurisdiction is lacking because the third party state law claims and Plaintiff's FLSA wage claims do not derive from a "common nucleus of operative fact" (as discussed *supra*), and the allegations on the face of the Third Party Complaint, together with Baeza's attestations by prior affidavit submitted to this Court, establish that the amount in controversy does not exceed $75,000, as is required for diversity jurisdiction.

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (citation and internal quotation omitted). "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (citation and internal quotation omitted). On a motion to dismiss, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341, 347 (S.D.N.Y. 1996) (quoting *Saint Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288-89 (1938)); *S. Point, Inc. v. Krawczyk*, No. 07-CV-576A, 2008 WL 434590, at *6 (W.D.N.Y. Feb. 14, 2008) (amount in controversy is determined from the face of the complaint unless defendant can show that the amount was determined in bad faith).

Here, the Third Party Complaint seeks recovery for alleged losses related to the "Tropix Assets," namely, "furniture, televisions, and computer equipment purchased by Tropix Media for the Union Square Office totaling an estimated $17,000.00[.]" Doc. 94, TPC ¶ 34. Third Party Plaintiffs contend that "because of the Counterclaim Defendants'/Third Party Defendants' actions or inactions, Counterclaim/Third Party Plaintiffs have never been able to retrieve the Tropix Assets

9

located with the Union Square Office." *Id.*, TPC ¶ 45. Thus, on its face, the Third Party Complaint fails to allege that the amount-in-controversy threshold exceeding $75,000 is satisfied as required for diversity jurisdiction.

Accordingly, the Third Party Complaint fails to meet the $75,000 amount-in-controversy threshold, and, therefore, cannot be maintained on the basis of diversity jurisdiction.

### C. Third Party Plaintiffs' Citizenship Allegations Are Patently Deficient

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd* 561 U.S. 247 (2010) (internal citation omitted). While the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff on a motion to discuss, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (internal citations and quotations omitted). A party's citizenship must be affirmatively pled. *Prospect Funding Holdings, LLC v. Fennell*, No. 15 Civ. 4176 LLS, 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015) (citing *Cameron v. Hodges*, 127 U.S. 322, 324-25 (1888)); *and see Leslie*, 928 F. Supp. 347 ("The party seeking to assert federal jurisdiction has the burden of proving that diversity exists."). Here, Third Party Plaintiffs have utterly failed to meet this burden. The jurisdictional allegations in the Third Party Complaint are riddled with gaps, inconsistency, and contradiction, and are patently deficient to adequately allege the citizenship of the parties—including each of Third Party Plaintiffs—for purposes of invoking diversity jurisdiction.

First, Third Party Plaintiffs allege that "Tropix Inc. d/b/a Tropix Media & Entertainment… is incorporated in Madrid, Spain and maintains its principal place of business located at Calle Avenida del Mediterraneo No. 3, piso primero, 03725 Teulada, Alicante, Spain." Doc. 94, TPC ¶

10

1. On its face, this allegation appears contrary to the fact that the entity bears the suffix "Inc." which typically indicates a domestic business corporation, rather than a foreign business entity; further, it is not clear whether "Tropix, Inc." may have *also* been incorporated domestically, consistent with Plaintiff's allegations. If "Tropix, Inc." has been incorporated or maintains a principal place of business in a domestic jurisdiction, Third Party Plaintiffs must affirmatively plead and identify that domestic citizenship. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

Even assuming, however, that "Tropix, Inc." is of exclusively foreign citizenship, Third Party Plaintiffs' allegations are deficient nonetheless. To properly plead citizenship of a foreign business entity, Third Party Plaintiffs must affirmatively plead the *kind* of foreign business entity "Tropix Inc." is—that is, whether it is a corporate or unincorporated entity—since the attributes of foreign business entities vary by jurisdiction and cannot be presumed.[6] "If [the foreign business entity] is to be treated as a corporation, they must allege 'every State and foreign state by which it has been incorporated and []the State or foreign state where it has its principal place of business...' [28 U.S.C.] § 1332(c)(1). If it is to be treated as an unincorporated entity, they must allege the citizenships of each of its members." *Keshock v. Metabowerke GMBH*, No. CIV.A. 15-00345-N, 2015 WL 4458858, at *5 (S.D. Ala. July 21, 2015) (requiring that defendants identify whether foreign business entity is corporate or unincorporated to adequately plead diversity).

---

[6] *See, e.g., White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011) ("Uruguay has at least three forms of limited-liability businesses: sociedad anónima (S.A.), sociedad anónima financiera de inversión (S.A.F.I.), and sociedad responsabilidad limitada (S.R.L.). White Pearl did not say which kind it is, and its lawyers did not analyze whether that kind of business organization should be treated as a corporation.")

Third Party Plaintiffs next allege that "Tropix Holdings LLC" is a "Delaware corporation and can be served c/o Incorp. Services, Inc. 919 North Market Street, Suite 950, Wilmington, Delaware 19801." *Id.*, TPC ¶ 2. Preliminarily, the address of an LLC's registered agent for service of process is irrelevant for purposes of determining the LLC's citizenship. Moreover, Third Party Plaintiffs' sleight of hand in mischaracterizing the LLC as a corporation appears calculated to avoid specifically alleging the citizenship of the LLC's members.

A limited liability company is distinct from a corporation; they are each subject to different legal pleading requirements for purposes of adequately alleging diversity jurisdiction. As referenced above, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business" 28 U.S.C. § 1332(c)(1). By contrast, "a limited liability company… takes the citizenship of each of its members." *Agility Logistics Corp. v. Elegant USA, LLC*, No. 09-cv-4719, 2009 WL 3094898, at *1 (S.D.N.Y. Sept. 25, 2009). "In pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged." *United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020); *Prospect Funding Holdings, LLC v. Fennell*, No. 15 CIV. 4176 LLS, 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000)). "If any of an LLC's members are themselves non-corporate entities, then a [party] must allege the identity and citizenship of their members, proceeding up the chain of ownership until the [party] has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *U.S. Liab. Ins. Co.*, 444 F. Supp. 3d at 410. Here, because Third Party Plaintiffs have failed to allege facts sufficient to establish the identity and citizenship of each member of Tropix Holdings LLC, they have not alleged facts sufficient to invoke this Court's subject matter

12

jurisdiction by reason of diversity of citizenship. *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 757 F. Supp. 2d 260, 334 (S.D.N.Y. 2010).

Finally, although Third Party Plaintiffs apparently allege that Baeza "maintains a residence at 200 Old Palisade Road, Fort Lee, New Jersey 07024" (Doc. 94, TPC ¶ 3), the same address Plaintiff alleges in the Complaint is maintained by Baeza (Doc. 16, Compl. ¶ 9), Baeza himself attested in an affidavit submitted to the Court, sworn to July 30, 2021, that "[a]lthough I have a Fort Lee, New Jersey address, it was not my primary residence nor my domicile, in fact." Doc. 82 at 76, Baeza Aff. ¶ 16. In the same affidavit, Baeza submitted a copy of his U.S. passport, which established he is a U.S. citizen. *Id.* at 77, Baeza Aff. ¶ 20. Thus, Baeza fails to affirmatively plead facts to support that he is a "citizen" of any particular State, which is fatal for purposes of diversity. *Universal Reinsurance Co. v. St. Paul Fire And Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) (no basis for subject matter jurisdiction as Forkush is not properly alleged to be a "citizen[] of a State" where "allegation as to Forkush's citizenship does not claim that he has his 'true fixed home'… in any one of the United States"). Alternatively, Baeza appears to admit that he is a U.S. citizen domiciled abroad—which would also be fatal as 28 U.S.C. § 1332 confers no diversity jurisdiction over an action to which a U.S. citizen domiciled abroad is a party. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State"); *see also Universal Reinsurance Co.*, 224 F.3d at 141 ("[i]f Forkush is in fact a domiciliary of Bermuda and not just residing there, we lack jurisdiction over any lawsuit alleging only state law claims to which he is a party.")

Accordingly, the Third Party Complaint must be dismissed as Third Party Plaintiffs' citizenship allegations are patently deficient for purposes of invoking diversity jurisdiction.

**Conclusion**

Accordingly, for the reasons set forth above, the Court should grant the motion in its entirety and dismiss, with prejudice, the Third Party Complaint of Defendants/Third Party Plaintiffs Tropix Media & Entertainment, Tropix Holdings LLC, Tropix Inc., and Mario Baeza against Third Party Defendant Pickled Punk Sublease LLC for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for such other and further relief as this Court may deem just, equitable and proper.

Dated: New York, New York
November 8, 2022

WACHTEL MISSRY LLP

By: */s/Stella L. Sainty*
Steven J. Cohen
Stella L. Sainty
One Dag Hammarskjold Plaza
885 Second Avenue, 47th Floor
New York, New York 10017
(212) 909-9500
cohen@wmllp.com
ssainty@wmllp.com

*Attorneys for Third Party Defendant Pickled Punk Sublease LLC*