UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RACHEL WEINGEIST, on behalf of herself and others similarly situated who were employed by TROPIX MEDIA & ENTERTAINMENT, TROPIX HOLDINGS LLC, and TROPIX INC.

    Plaintiffs-Counterclaim Defendants,

– against –

TROPIX MEDIA & ENTERTAINMENT, TROPIX HOLDINGS LLC, TROPIX INC., MARIO BAEZA, TAYMI CESPEDES, JAVIER RODRIGUEZ, and TANIA MILAN,

    Defendants-Counterclaim Plaintiffs.

---

TROPIX MEDIA & ENTERTAINMENT, TROPIX HOLDINGS LLC, TROPIX INC., and MARIO BAEZA,

    Third-Party Plaintiffs,

– against –

RACHEL WEINGEIST, PERERA & COMPANY LLC, and PICKLED PUNK SUBLEASE LLC,

    Third-Party Defendants.

**ORDER**
20-cv-275 (ER)

Ramos, D.J.:

    This action was commenced on January 10, 2020 with the filing of a complaint against Tropix Media & Entertainment, Tropix Holdings LLC, Tropix Inc., Mario Baeza, Taymi Cespedes, Javier Rodriguez, and Tania Milan.[1]  Doc 1.  Plaintiffs filed the First Amended Complaint ("FAC") on January 12, 2020.  Doc. 2.  The FAC brings a putative class action, on behalf of Rachel Weingeist and all others similarly situated, and contains

---

[1] Defendants Taymi Cespedes, Javier Rodriguez, and Tania Milan were voluntarily dismissed on April 25, 2022.  Doc. 93.

five claims for relief: (1) breach of employment contract; (2) unpaid wages, overtime, and violations of record-keeping requirements under New York Labor Law ("NYLL"); (3) unpaid wages, overtime, and violations of record-keeping requirements under the Federal Labor Standards Act ("FLSA"); (4) quantum meruit; and (5) declaratory judgment that the practices complained of are unlawful under the FLSA and NYLL. *Id.*

On April 27, 2022, defendants Tropix Holdings LLC, Tropix Media and Entertainment, Tropix Inc., and Mario Baeza (collectively, "Tropix") filed an answer to the FAC and brought a third-party complaint and a counter claim against Pickled Punk Sublease LLC ("Pickled Punk"), Perera & Company LLC, and Rachel Weingeist. Doc. 94.

During a pre-motion conference held on October 18, 2022, counsel for Tropix was granted leave to file a motion to withdraw as counsel and Pickled Punk was granted leave to file a motion to dismiss. The briefing for this motion was scheduled as follows: Pickled Punk's motion to dismiss was due November 8, 2022; Tropix's opposition was due November 29, 2022; and Pickled Punk's reply was due December 6, 2022.

On October 26, 2022, Geoffrey Mueller of the Law Offices of Geoffrey D. Mueller, LLC, filed a motion to withdraw as counsel for Tropix. Doc. 139. The motion also moved to extend time to serve discovery demands and to extend time to respond to discovery. *Id.* An affirmation of Mr. Mueller in support of the motion was filed under seal. Doc. 140.

Meanwhile, on November 8, 2022, Pickled Punk filed their motion to dismiss the third-party complaint with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Doc. 142.

On November 29, 2022, while the motion to withdraw as counsel remained pending, Tropix requested that the motion to dismiss the third-party complaint be adjourned until a decision was issued on the motion to withdraw. Doc. 144. The next

day, on November 30, 2022, Mueller's motion to withdraw as counsel for Tropix was granted. Doc. 125. That Order also directed Tropix to retain successor counsel and that successor counsel enter their appearance by January 3, 2023. *Id.*

Successor counsel for Tropix did not enter an appearance by January 3, 2023. On January 9, 2022, Pickled Punk requested that the Court enter an order granting its motion to dismiss the third-party complaint for lack of subject matter jurisdiction. Doc. 146. As of the date of this Order, no appearance has been filed on behalf of Tropix and no opposition has been filed by Tropix in response to Pickled Punk's motion to dismiss. For this reason and the reasons set forth in their motion to dismiss, Pickled Punk's motion to dismiss is GRANTED.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Congress has conferred on district courts subject matter jurisdiction in federal question cases under 28 U.S.C. § 1331, diversity of citizenship cases under 28 U.S.C. § 1332, and supplemental jurisdiction under 28 U.S.C. § 1367 where a court has original jurisdiction over some claim in the action. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court concludes that the third-party complaint fails to meet the standard for subject matter jurisdiction.

Weingesit entered an agreement with Pickled Punk on behalf of Tropix Foundation to sublease a one room office located in Union Square (the "Union Square Office"). Doc. 94 at 12, ¶ 16. Tropix brings seven state law claims against Pickled Punk

for (1) unjust enrichment; (2) conversion; (3) property taken without authorization; (4) negligently caused economic loss; (5) replevin; (6) negligence; and (7) conspiracy. Doc. 94 at 16–20. They contend that because of Pickled Punk's actions or inactions, Tropix has not able to retrieve the assets (furniture, televisions, and computer equipment) purchased by Tropix Media for the Union Square Office. *Id.* at 16, ¶ 45. Tropix contends that subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1367 because the claims raised in the third-party complaint are supplemental and related to the federal question raised in Weingeist's initial complaint. *Id.* at 11, ¶ 7.

The third-party complaint fails to meet the requirements for supplemental jurisdiction. Where a court has original jurisdiction over a federal claim, the court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A state law claim forms part of the same case or controversy if it and the federal claim "derive from a common nucleus of operative fact." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004).

The seven state law claims raised in the third-party complaint are not related to the federal question raised in Weingeist's initial complaint because they do not arise from a common nucleus of operative fact. The initial complaint alleges federal wage and employment claims and the third-party complaint is about conversion of office equipment. The connection between the two claims is that Weingeist, as a Tropix employee, entered into a lease with Pickled Punk for an office in Union Square. Doc. 94 at 12, ¶ 16–17. When Weingeist was terminated, Tropix wanted to end the lease and

retrieve their assets. *Id.* ¶ 34, 36. This is an unrelated, non-wage state law tort matter. The third-party complaint involves fundamentally "different rights, different interests, and different underlying facts" and, therefore, are not part of the same case or controversy. *Bu v. Benenson*, 181 F.Supp.2d 247, 254 (S.D.N.Y. 2001) (claims were not "part of the same case or controversy" where state law claims "involve[d] different rights, different interests, and different underlying facts" than the federal law claims).

Federal courts also have subject matter jurisdiction over state law claims when all plaintiffs are diverse in citizenship to all defendants and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Here, the third-party complaint seeks recovery for alleged losses related to the office equipment totaling to an estimated $17,000.00. Doc. 94 at 14, ¶ 34. Accordingly, the third-party complaint fails to meet the $75,000 amount-in-controversy threshold, and, therefore, cannot be maintained on the basis of diversity jurisdiction.

Accordingly, Pickled Punk's motion to dismiss the third-party complaint with prejudice is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 142.

It is SO ORDERED.

Dated:   February 1, 2023
         New York, New York

                                             _____
                                             Edgardo Ramos, U.S.D.J.