
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RACHEL WEINGEIST, on behalf of herself and others similarly situated who were employed by TROPIX MEDIA & ENTERTAINMENT, TROPIX HOLDINGS LLC, and TROPIX INC.

    Plaintiff,

– against –

TROPIX MEDIA & ENTERTAINMENT, TROPIX HOLDINGS LLC, TROPIX INC., MARIO BAEZA, TAYMI CESPEDES, JAVIER RODRIGUEZ, and TANIA MILAN,

    Defendants.

**ORDER**
20-cv-275 (ER)

TROPIX MEDIA & ENTERTAINMENT, TROPIX HOLDINGS LLC, TROPIX INC., and MARIO BAEZA,

    Third-Party Plaintiffs,

– against –

RACHEL WEINGEIST, PERERA & COMPANY LLC, and PICKLED PUNK SUBLEASE LLC,

    Third-Party Defendants.

Ramos, D.J.:

    This action was commenced by Weingeist on January 16, 2020 with the filing of the Complaint against defendants Tropix Holdings LLC, Tropix Media and Entertainment, Tropix Inc., and Mario Baeza (collectively, "Tropix"). Doc. 13. On January 24, 2020, Plaintiff filed the First Amended Complaint ("FAC"). Doc. 16. Tropix appeared in this action on June 29, 2021.

On April 27, 2022, Tropix filed an answer to the FAC and brought a third-party complaint and a counter claim against Pickled Punk Sublease LLC ("Pickled Punk"), Perera & Company LLC, and Rachel Weingeist.  Doc. 94.

During a pre-motion conference held on October 18, 2022, counsel for Tropix was granted leave to file a motion to withdraw and Pickled Punk was granted leave to file a motion to dismiss.  On November 30, 2022, the motion to withdraw as counsel for Tropix was granted.  Doc. 125.  That Order also directed Tropix to retain successor counsel and that successor counsel enter their appearance by January 3, 2023.  *Id.* Successor counsel for Tropix did not enter an appearance by January 3, 2023 and as of the date of this Order has not done so.  On January 9, 2022, Pickled Punk requested that the Court enter an order granting its motion to dismiss the third-party complaint for lack of subject matter jurisdiction.  Doc. 146.  The motion to dismiss was granted on February 1, 2023.  Doc. 149.

On February 6, 2023, Weingeist filed a motion for default judgment, Doc. 152, and on March 2, 2023 the Court held a show-cause hearing at which only counsel for Weingeist appeared.  Default judgment was granted.  Doc. 159.

There has been no communication from Tropix since its counsel moved for an extension of time for discovery pending the motion to withdraw on November 29, 2022.  Doc. 144.

For the reasons set forth below, the Court dismisses Tropix's third-party complaint without prejudice for failure to prosecute.

I.     **LEGAL STANDARD**

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)).

"Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). When weighing these factors, "[n]o single factor is generally dispositive." *Id.*

II.     **DISCUSSION**

In the instant case, the factors weigh in favor of dismissal. First, Tropix has not communicated with the Court since its letter dated November 29, 2022. Doc. 144. Nor has Tropix appeared at any conference since October 18, 2022. Tropix has not taken meaningful action to prosecute this case in over ten months, since it filed the third-party complaint on April 27, 2022. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b).

3

*Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

Second, Tropix has had some notice of the consequences of not appearing. On February 7, 2023 Tropix was directed to appear before the Court for a show-cause hearing. Doc. 155. This order was served to Tropix on February 7, 2023 via First-Class mail, overnight mail, and email. Doc. 158. Moreover, at the show-cause hearing on March 2, 2023, counsel for Weingeist stated that he had personally attempted to contact third-party plaintiffs in a variety of ways.

Third, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210. Because Defendants have failed to advance their case for over ten months, the Court perceives no circumstances rebutting this presumption.

Fourth, Tropix has not taken advantage of its "right to due process and a fair chance to be heard." *Id.* at 209. Indeed, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000). However, dismissal without prejudice and not on the merits is appropriate given that Tropix's delay has not greatly impacted the Court calendar. *Morgan v. Does Nos. 1–3*, No. 18 Civ. 2571 (ER), 2020 WL 5646133, at *2 (S.D.N.Y. Sept. 22, 2020); *see also Barnes v. Stop & Shop Supermarket Co., LLC*, No. 19 Civ. 431 (BCM), 2020 WL 3100191, at *3 (S.D.N.Y. June 11, 2020) ("[T]he lesser sanction of a dismissal without prejudice equally 'serves the district court's need to clear its calendar.'" (quoting *Thrall v. Central New York Regional Trans. Authority*, 399 F. App'x 663, 666 (2d Cir. 2010))).

Fifth, where Tropix has failed to communicate with this Court and ignored the Court's orders to retain counsel and appear at the show-cause hearing, there are no weaker sanctions that could remedy his failure to prosecute other than dismissal. Dismissal is appropriate where, as here, Tropix "appears to have abandoned the

4

litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

### III.   CONCLUSION

For the reasons discussed above, the Court dismisses Tropix's third-party complaint without prejudice. The Clerk of Court is respectfully directed to terminate any pending motions and close the case. The Clerk of Court is further respectfully directed to mail a copy of this order to Tropix and note service on the docket.

It is SO ORDERED.

Dated: March 3, 2023
       New York, New York

_____
Edgardo Ramos, U.S.D.J.