UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RACHEL WEINGEIST,
INDIVIDUALLY AND ON BEHALF
OF ALL OTHER PERSONS
SIMILARLY SITUATED WHO
WERE EMPLOYED BY TROPIX
MEDIA & ENTERTAINMENT, AND
TROPIX HOLDINGS LLC AND
TROPIX INC.,

                    Plaintiff,

          – against –

TROPIX MEDIA & ENTERTAINMENT,
TROPIX HOLDINGS LLC, TROPIX
INC., MARIO BAEZA, TAYMI
CESPEDES, JAVIER RODRIGUEZ, and
TANIA MILAN,

                    Defendants.

**ORDER**

20-cv-00275 (ER)

RAMOS, D.J.

Rachel Weingeist brought this action on January 16, 2020, seeking to recover un-paid wages, unpaid overtime wages, and liquidated damages from her former employer pursuant to the Fair Labor Standards Act of 1938 (29 U.S.C. § 201 *et seq*.), New York La-bor Law Articles 6 and 19 (12 N.Y.C.R.R. § 137–144), and New York state common law. Doc. 13. On January 24, 2020, Weingeist filed the First Amended Complaint. Doc. 16.

Electronic summonses were issued against Tropix Media & Entertainment, Tropix Holdings LLC, Tropix, Inc., and Mario Baeza ("Baeza") (collectively, "defend-ants") on January 31, 2020. Docs. 33–36. On February 20, 2020, the defendants were served and proof of service was filed on February 24, 2020. Docs. 37–40. Because they failed to answer or otherwise respond to the First Amended Complaint, certificates of

default were entered against the defendants on March 26, 2020.  Docs. 53–56.  Defend-

ants were served an order to show cause on October 14, 2020.  Doc. 75.  They failed to

appear in response to the order to show cause and default judgments were entered against

the defendants, including Baeza, on November 5, 2020.  Doc. 76.

Subsequently, on June 29, 2021, counsel entered an appearance for defendants

and requested leave to move to vacate the default judgments.  Docs. 78, 79.  On July 30,

2021, the defendants moved to set aside the default judgment, as well as to extend time to

file an answer and third party complaint.  Doc. 82.  The Court set aside the default judg-

ment on March 30, 2022.  Doc. 88.  The defendants answered the First Amended Com-

plaint on April 21, 2022, Doc. 89, and filed their third party complaint on April 27, 2022.

Doc. 94.  However, on September 30, 2022, the defendants' attorney requested to with-

draw as counsel.  Doc. 127.  At a conference held on October 18, 2022, the court directed

counsel to file a motion to withdraw by October 25, 2022.  Oct. 18, 2022 Minute Entry.

The Court granted the attorney's motion on November 30, 2022 and ordered defendants

to retain successor counsel and for counsel to enter their appearance by January 3, 2023.

Doc. 145.  The defendants failed to retain successor counsel by that date.

On February 6, 2023, Weingeist filed a second motion for default judgment,

Doc. 152.  In the renewed motion, she argued that the defendants had failed to retain suc-

cessor counsel by the date directed by the court and that she was entitled to default judg-

ment.  Doc. 152.  On March 2, 2023 the Court held a show cause hearing at which only

counsel for Weingeist appeared.  Mar. 2, 2023 Minute Entry.  The Court entered a second

default judgment against the defendants on the same date.  Doc. 159.

On April 3, 2023, Baeza filed notice of appeal of the March 2, 2023 default judg-ment with the Second Circuit.  Doc. 161.  On August 2, 2023, Weingeist moved to com-pel Baeza to respond to her post-judgment discovery demands and award of expenses and fees.  Doc. 164.  At a September 15, 2023 status conference, neither Baeza nor his coun-sel appeared.  Sept. 15, 2023 Minute Entry.  The Court granted the motion to compel on the same date, and ordered Baeza to serve responses and pay Weingeist's fees and costs by September 29, 2023.  Doc. 169.  Weingeist filed proof of service for Baeza on Sep-tember 18, 2023.  Doc. 170.  On October 6, 2023, Baeza filed a second notice of appeal, this one concerning this Court's September 15, 2023 order on the motion to compel. Doc. 173.

Notwithstanding Baeza's appeal, on October 25, 2023, Weingeist filed a motion to hold Baeza in contempt of the September 15, 2023 order and requested that the Court schedule a hearing on the matter.  Doc. 176.  On October 27, 2023, the Court received Baeza's letter motion requesting permission to file a motion to vacate the March 2, 2023 default judgment, a motion to dismiss, and a motion for summary judgment.  Doc. 179. Weingeist opposes Baeza's requests.  Docs. 178, 180.  Generally, the filing of a notice of appeal divests a district court "control over those aspects of the case involved in the ap-peal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  However, rigid enforcement of the rule "would deliver into the hands of each litigant the ability to freeze matters in the district court simply by filing a notice of appeal, no matter how friv-olous."  *Nat'l Council of La Raza v. Dep't of Just.*, 345 F. Supp. 2d 412, 413 (S.D.N.Y. 2004), *aff'd*, 411 F.3d 350 (2d Cir. 2005).  Accordingly, "district courts are not deprived of jurisdiction by the filing of untimely or manifestly defective appeals and appeals from

non-appealable orders." *Id.*  Here, Baeza appealed the September 15, 2023 order, which would normally prevent the Court from exercising jurisdiction over motions involving the same order, including Weingeist's outstanding motion for contempt.  The parties have not briefed whether the Court can retain jurisdiction over the September 15, 2023 order in light of Baeza's appeal.  Accordingly, the parties are directed to file letter briefs by November 14, 2023 setting forth their positions whether, on the facts of this case, the Court has jurisdiction to resolve Weingeist's motion to hold Baeza in contempt and Baeza's motion to vacate the default.[1]

**CONCLUSION**

The parties are directed to file letter briefs by November 15, 2023 on the issues set forth above.

SO ORDERED.

Dated:   November 8, 2023
         New York, New York

EDGARDO RAMOS, U.S.D.J.

---

[1] The Court notes that, in his motion to vacate the default, Baeza has offered no good cause for disobeying the Court's March 2, 2023 order.  Here, the first default judgment was vacated, at Baeza's request, and Baeza was granted permission to file a third party complaint.  But since the filing of the third party complaint on April 27, 2022, Baeza has not responded to discovery or attempted to prosecute his third party complaint.  He failed to retain new counsel by the January 3, 2023 deadline, and failed to attend the March 2, 2023 order to show cause hearing.  Only after default judgments were entered against him did Baeza attempt to litigate the case—not by appearing before the Court, but by appealing to the Second Circuit on two separate occasions.